IN THE MATTER OF THOMAS R. RIGGIO.
AN ATTORNEY AT LAW.

Argued June 5, 1973—Decided June 26, 1973.

*Mr. Paul R. Porreca,* for the order.

*Mr. David L. Horuvitz* argued the cause for respondent.

PER CURIAM. This is a disciplinary matter. Respondent, an attorney admitted to the Bar of this State in 1956, was retained to represent some residents of Philadelphia, Pennsylvania, who had been involved in an automobile accident in New Jersey. The case was referred to respondent by a Philadelphia attorney. Respondent filed suit in New Jersey on July 15, 1965, just prior to the expiration of the statute on personal injury claims. However, he failed to answer interrogatories propounded by the defense. Finally, almost two years after the suit had been commenced, a motion to dismiss the complaint based on the failure to answer interrogatories, was served and filed, and was granted when respondent failed to appear in court to oppose the motion.

Respondent made no effort thereafter to have the order of dismissal vacated and the case reinstated. Repeated in-

quiries were made on behalf of plaintiffs for information concerning the status of the case, but respondent failed to communicate with plaintiffs or their Philadelphia attorney in response to the inquiries. Ultimately, in December 1971, one of the plaintiffs filed a complaint with the Cumberland County Ethics Committee charging respondent with unprofessional conduct.

Respondent has freely admitted his dereliction in failing to give plaintiffs proper representation. He assigns as reasons his difficulties with stenographic help, his absence from his office because of accumulated problems in his home, and lack of cooperation from the forwarding Philadelphia attorney. Frankly, he concedes the foregoing reasons are not compelling and do not excuse his neglect in his capacity as an attorney.

Respondent has recently settled the subject matter of the ethics complaint, and has personally paid $2,000 to the clients involved and obtained releases from them.

It is clear that the finding by the Committee of unethical and unprofessional conduct is fully supported by the record. There was no satisfactory excuse for what respondent did or failed to do. It reflects on his fitness to practice law.

The question of the extent of the discipline to be imposed remains. Respondent has recognized that he did not afford his clients proper legal representation to their detriment, and he has paid a substantial sum of money in settlement of their claims against him. This does not excuse respondent's unprofessional conduct. However, in the overall picture, and considering respondent's record of 19 years of practice, we are inclined to give him the opportunity to show that this type of conduct will not be repeated. See *In re Rosenblatt,* 60 *N. J.* 505 (1972).

The judgment therefore is that respondent is hereby reprimanded.

For *reprimandment*—Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, MOUNTAIN, SULLIVAN and GARVEN—7.

*Opposed*—None.